Melissa Stewart*
Chauniqua D. Young*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: mstewart@outtengolden.com
E-mail: cyoung@outtengolden.com

Drew Legando (Bar No. 84209)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 W. 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
Facsimile: 216-522-9007
E-mail: drew@merrimanlegal.com

*Attorneys for Plaintiff and the putative Class and Collective*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | |
|---|---|
| ADAM QUINCY STANG, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br> -against-<br><br>PAYCOR, INC.,<br><br>      Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Adam Quincy Stang ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Outten & Golden LLP and Merriman Legando Williams & Klang, LLC, complaining of the conduct of Paycor, Inc. ("Paycor" or "Defendant"), upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated co-workers who have worked for Defendant as exempt-classified Client Sales Executives and other similar roles (collectively, "Sales Executives").

2. Paycor is a software company with headquarters located in Cincinnati, Ohio and other offices nationwide.

3. Paycor sells payroll processing services, payroll tax filing services, and other human resources products to companies nationwide. Paycor employs Sales Executives, such as Plaintiff, to make sales to current and prospective customers.

4. While employed by Paycor, Plaintiff and other Sales Executives consistently worked more than 40 hours per workweek without receiving overtime compensation for all the hours they worked. Throughout the relevant period, it was Paycor's policy to deprive Plaintiff of his earned wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio statutes are referred to together as the "Ohio Wage Laws").

5. Paycor requires Sales Executives to spend their workday making sales calls to existing clients and performing other sales tasks.

6. Sales Executives primarily perform these tasks from Paycor's office or another fixed location, such as from their homes.

7. Paycor requires its Sales Executives, including Plaintiff and similarly situated employees, to work long hours, often in excess of 40 hours per workweek, in order to make sales.

8. During the relevant period, it has been Paycor's policy to uniformly classify Sales Executives, including Plaintiff, as exempt from federal overtime provisions and not to pay Sales Executives any overtime wages.

9. The primary duties of Sales Executives are non-exempt. These primary duties did not vary significantly from one Sales Executive to another.

10. The primary duties of Sales Executives do not fall under any of the exemptions under federal or state overtime laws.

11. Plaintiff and Sales Executives have worked overtime hours, as defined by applicable federal and state laws, and are entitled to premium compensation at the appropriate rate for all overtime hours worked.

12. Plaintiff brings this action on behalf of himself and all similarly situated current and former Paycor Sales Executives nationwide pursuant to the FLSA and Ohio Wage Laws.

13. Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently working or have at any time during the three years immediately preceding the filing of this action, worked for Paycor as Sales Executives.

14. Plaintiff also brings this action on behalf of himself and similarly situated Ohio employees as a Fed. R. Civ. P. 23 class action pursuant to the Ohio Wage Laws.

## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

16. This Court has supplemental jurisdiction over Plaintiff's Ohio claims pursuant to 28 U.S.C. § 1367.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Paycor is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

*Plaintiff Adam Quincy Stang*

19. Plaintiff is a resident of Cincinnati, Ohio.

20. Plaintiff was employed by Paycor in its Cincinnati, Ohio office as a Major Market Client Sales Executive from approximately May 23, 2016 through approximately November 12, 2018.

21. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of the applicable statutes.

22. Plaintiff regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40. For example, to the best of his recollection, in November 2018, Plaintiff regularly worked from approximately 8:00 a.m. to 4:00 p.m. at Paycor's office, and approximately 10 hours additional from his home, Monday through Friday, and did not receive overtime compensation for his work.

23. A written consent form signed by Plaintiff is attached hereto as **Exhibit A**.

***Defendant Paycor, Inc.***

24. Upon information and belief, Paycor is a corporation formed under the laws of the State of Delaware with a principal place of business in Cincinnati, Ohio.

25. Upon information and belief, Paycor has maintained control, oversight, and direction over its operations and employment practices.

26. At all times hereinafter mentioned, Paycor was Plaintiff's "employer" within the meaning of the applicable statutes.

27. At all relevant times, Paycor maintained control, oversight, and direction over Plaintiff and other Sales Executives, including timekeeping, payroll, and other employment practices that applied to them.

28. Paycor has applied the same employment policies, practices, and procedures to all Sales Executives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

29. Paycor's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## COLLECTIVE ACTION CLAIMS

30. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Paycor as Sales Executives within the last three years and who elect to opt-in to this action ("FLSA Collective").

31. Upon information and belief, there are dozens of current and former Sales Executives who are similarly situated to Plaintiff and were denied overtime compensation.

32. Plaintiff is acting on behalf of Paycor's current and former Sales Executives' interests as well as his own interests in bringing this action.

33. Paycor unlawfully required Plaintiff and all individuals employed as Sales Executives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.

34. Paycor was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiff and the Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Paycor suffered or permitted them to work in excess of 40 per workweek.

35. Upon information and belief, Paycor applied the same unlawful policies and practices to all Sales Executives.

36. The Collective is readily identifiable and can be located through Paycor's records. The Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the Collective, who has been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Paycor.

## CLASS ACTION CLAIMS

37. Plaintiff brings the Second Cause of Action for violations of the Ohio Wage Laws, on behalf of himself and all similarly situated non-exempt workers who work or have worked for

Paycor, at any location in Ohio between November 3, 2018 and the date of final judgment in this matter (the "Class").

38. Excluded from the Class are Paycor, Paycor's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Paycor; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class

39. The members of the Class are readily ascertainable. The number and identity of the Class members determinable from the Paycor's records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Paycor's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Paycor.

40. The Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

41. Upon information and belief, the size of the Class is at least 40 individuals.

42. Paycor has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

43. Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.     whether Paycor violated the Ohio Wage Laws;

    b.     whether Paycor failed to compensate Plaintiff and the Class members for hours worked in excess of 40 hours per workweek;

    c.     whether Paycor failed to keep true and accurate time and pay records for all hours worked by the Plaintiff and the Class members, and other records;

    d.     whether Paycor failed to pay the members of the Class all wages,

    including overtime wages, within thirty days of performing the work;

  e. the nature and extent of class-wide injury and the measure of damages for those injuries; and

  f. whether Paycor's policy of failing to pay Plaintiff and Class members overtime was done willfully or with reckless disregard of the law.

44. The claims of Plaintiff are typical of the claims of the Class he seeks to represent. Plaintiff and the Class members work or have worked for Paycor and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week and within 30 days of performing the work.

45. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiff recognizes that as the class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

46. Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a large private corporation like Paycor. The Class has been damaged and are entitled to recovery as a result of Paycor's common and uniform policies, practices, and

procedures. Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Paycor's practices.

## COMMON FACTUAL ALLEGATIONS

48. Plaintiff, the FLSA Collective, and the Class have been victims of Paycor's common policy and plan that has violated their rights under the FLSA and the Ohio Wage Laws by improperly classifying Sales Executives as overtime exempt, requiring them to work in excess of 40 hours per week, and denying them overtime compensation. At all times relevant, Paycor's unlawful policy and pattern or practice has been willful.

49. Sales Executives' primary duties were non-exempt duties, specifically, identifying business opportunities, engaging with potential and existing customers by phone and email, and selling Paycor's products.

50. Although Sales Executives were eligible to earn commissions based on their sales of Paycor's products, these commissions did not constitute the majority of their earnings.

51. Throughout their employment, Plaintiff and the Class and Collective consistently worked more than 40 hours per week.

52. Paycor was aware that Plaintiff and the Class and Collective worked more than 40 hours per workweek, yet Paycor failed to pay them any overtime compensation.

53. Paycor did not keep accurate records of hours worked by Plaintiff. That is, Plaintiff's hours were not accurately recorded on pay stubs, and Plaintiff was not required to clock in or out, or otherwise record his time.

54. All of the work performed by Plaintiff and the Class and Collective was assigned by Paycor and Paycor was aware that Plaintiff and the Class and Collective regularly worked overtime hours.

55. Paycor failed to pay Plaintiff and the Class and Collective time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

56. As part of its regular business practice, Paycor intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA.

57. Paycor's policy and pattern or practice includes but is not limited to:

   a. willfully misclassifying Plaintiff and the Class and Collective as exempt from the protections of federal and state overtime laws;

   b. willfully failing to record the time that its employees, including Plaintiff and the Class and Collective, worked for the benefit of Paycor;

   c. willfully failing to keep payroll records as required by the FLSA;

   d. willfully failing to timely pay wages as required by the Ohio Wage Laws; and

   e. willfully failing to pay its employees, including Plaintiff and the Class and Collective, overtime wages for all of the overtime hours that they worked.

58. Paycor was or should have been aware that the FLSA requires it to pay its Sales Executives overtime compensation for all hours worked in excess of 40 per week.

59. Paycor's failure to pay Plaintiff and the Class and Collective overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

60. Paycor's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. Paycor engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

9

63. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

64. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

65. The overtime wage provisions set forth in §§ 201, *et seq.* of the FLSA apply to Paycor.

66. Paycor is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)

67. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

68. Paycor failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

69. Paycor's violations of the FLSA, as described in this Complaint, were willful and intentional.

70. Paycor failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

71. Because Paycor's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. As a result of Paycor's willful violations of the FLSA, Plaintiff and all other similarly situated employees suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

73. As a result of the unlawful acts of Paycor, Plaintiff and other similarly situated current and former employees were deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Ohio Wage Laws – Unpaid Overtime Wages**
**O.R.C. § 4111.03 and O.R.C. § 4113.15**
**(Brought by Plaintiff Individually and on Behalf of the Class)**

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. Paycor engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

76. Paycor is an employer covered by the mandates of the Ohio Wage Laws.

77. Plaintiff and the Class are employees entitled to the protections of the Ohio Wage Laws.

78. Paycor has failed to pay Plaintiff and the Class overtime wages to which they are entitled under the OMFWSA.

79. Paycor violated the OMFWSA by failing to compensate Plaintiff and the Class for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff and the Class based upon the overtime premium pay rate of one and one-half times their regular hourly pay rate.

80. Plaintiff and the Class were not paid all wages due, including overtime wages, within thirty days of performing the work.

81. The wages of Plaintiff and the Class remain unpaid for more than thirty days beyond their scheduled payday.

82. In violating Ohio Wage Laws, Paycor acted willfully and with reckless disregard of their clearly applicable provisions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class and Collective, requests the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the OMFWSA and OPPA;

D. Certification of this case as a class action pursuant to Federal Rule Civil Procedure 23;

E. Designation of Plaintiff as Class Representative for the class he seeks to represent and counsel of record as Class Counsel;

F. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under appropriate state law;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to an order enjoining Paycor from continuing its unlawful practices;

  I.  Attorneys' fees and costs of the action;

  J.  A reasonable incentive award for Plaintiff to compensate him for the time and effort he has spent protecting the interests of other similarly situated employees, and the risks he has undertaken in doing so; and

  K.  Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

  Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
November 3, 2020

Respectfully submitted,

_____
Drew Legando (Bar No. 84209)
MERRIMAN LEGANDO WILLIAMS &
KLANG, LLC
1360 W. 9th Street, Suite 200
Cleveland, OH 44113
Telephone: (216) 522-9000
Facsimile: 216-522-9007
E-mail: drew@merrimanlegal.com

Melissa Stewart*
Chauniqua D. Young*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-mail: mstewart@outtengolden.com
E-mail: cyoung@outtengolden.com

*pro hac vice* motion forthcoming

*Attorneys for Plaintiff and the putative Collective and Class*

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

      1. I consent to be a party plaintiff in a lawsuit against Paycor, Inc. ("Defendant") and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2. By signing and returning this consent form, I hereby designate Outten & Golden LLP to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

      3. I also consent to join any separate or subsequent action to assert my claims against Defendant and/or any related entities or persons potentially liable.

*[DocuSigned by: Adam Quincy Stang — 8EFDDA33ABE7479]*
_____
Signature

Adam Quincy Stang
_____
Print