# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ADAM QUINCY STANG**, | : | Case No. 1:20-cv-00882 |
| | : | |
| Plaintiff, | : | Judge Barrett |
| | : | |
| v. | : | **DEFENDANT'S MOTION TO DISMISS** |
| | : | **AMENDED COMPLAINT OR, IN THE** |
| **PAYCOR, INC.**, | : | **ALTERNATIVE, MOTION FOR** |
| | : | **SUMMARY JUDGMENT BASED ON** |
| Defendant. | : | **SHORTENED STATUTE OF** |
| | | **LIMITATIONS** |

Defendant Paycor, Inc. ("Paycor") respectfully submits that dismissal or summary judgment is appropriate with respect to the claims brought in this litigation by Plaintiff Adam Quincy Stang ("Stang"). As a condition of his employment, Stang executed a shortened statute of limitations agreement requiring that he bring the claims raised in this action within six months of the event(s) giving rise to such claims. Stang missed this deadline by more than a year. As a result, summary judgment is appropriate, and Stang's claims should be dismissed with prejudice. The basis for this motion is set forth in the accompanying memorandum of law, along with the declaration of Karen Crone.

                    Respectfully submitted,

                    /s/ *Katharine C. Weber*
                    Katharine C. Weber
                    Ryan M. Martin
                    JACKSON LEWIS P.C.
                    201 E. Fifth Street, 26th Floor
                    Cincinnati, OH 45202
                    Telephone:  (513) 898-0050
                    Facsimile:   (513) 898-0051
                    katharine.weber@jacksonlewis.com
                    ryan.martin@jacksonlewis.com
                    *Counsel for Defendant Paycor, Inc.*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**

As a condition of his employment, Stang agreed that he would file any lawsuit against Paycor related to his application for employment, employment, or termination from employment, within six months of the event(s) that gave rise to the claim. He waived any statute of limitations to the contrary. Nevertheless, in this lawsuit, Stang attempts to bring claims against Paycor for alleged overtime violations that occurred—at the latest—nearly two years ago.

Under the terms of the Agreement, Stang's claims are time barred and cannot proceed. The last possible event giving rise to Stang's lawsuit would have occurred on or about December 21, 2018, the date he received his last paycheck from Paycor. Consequently, Stang was required to file any claims against Paycor on or before June 21, 2019. He did not file this lawsuit until November 3, 2020. As a result, his claims are untimely and should be dismissed.

Paycor recognizes that the Sixth Circuit Court of Appeals has failed to enforce shortened statute of limitations agreements with respect to claims brought pursuant to the FLSA. *Boaz v. FedEx Customer Info. Servs*, 725 F.3d 603 (6th Cir. 2013). It respectfully submits, however, that the *Boaz* panel wrongly determined that a shortened statute of limitations agreement operates as a substantive waiver of an FLSA claim and, as a result, cannot be enforced in that context. Such agreements are mere procedural devices that do not waive or otherwise abridge an individual's substantive statutory rights. As a result, Paycor submits that *Boaz* should not be applied here, or that this issue be elevated to the Sixth Circuit Court of Appeals for potential *en banc* review.

Notwithstanding *Boaz*, Stang's shortened statute of limitations agreement is clearly enforceable with respect to his Ohio overtime claims. Ohio has a long history of enforcing shortened statute of limitations agreements similar to Stang's with respect to statutory claims. Moreover, unlike the FLSA, Ohio's overtime statute contains no legislative history or intent

recognizing the need for "compulsory legislation to prevent private contracts … which endangered national health and efficiency and as a result the free movement of goods in interstate commerce"—*see Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)—a policy which the *Boaz* court determined would be "nullified" if the plaintiff's agreement were enforced in that case. *See Boaz*, 725 F.3d at 606-07. And, whereas the FLSA's legislative history caused the U.S. Supreme Court in *O'Neil* to determine that individuals cannot waive their right to liquidated damages under federal law, Ohio's overtime statute does not even provide for an award of liquidated damages to a successful plaintiff. In short, there would be no public policy rationale for applying *Boaz* to Ohio wage and hour laws.

Finally, Stang's claim that his agreement should not be enforced because it is unconscionable has already been addressed, and rejected, by Ohio courts.

Stang's shortened statute of limitations agreement applies to his Ohio claims, which should be dismissed. And, without any valid Ohio claims, Stang's Rule 23 class action must similarly fail.

## II.   STATEMENT OF FACTS

Stang is a former employee of Paycor. (Declaration of Karen Crone ("Crone Decl."), ¶ 6)[1] Paycor employed Stang as a Client Sales Executive from May 23, 2016 until his resignation on November 12, 2018. (Crone Decl., ¶ 6-7)

As part of the application process, Paycor advised Stang that "in exchange for Paycor considering [his] application" and "in exchange for any future offer of employment that Paycor may extend," he would bring any lawsuit against Paycor within six months of the event giving rise to his claim. (*Id.,* ¶ 4, Exhibit 1) Stang signed his application and agreed to the shortened statute

---

[1] The Declaration of Karen Crone is attached hereto as Exhibit A.

2

of limitations provision (the "Agreement") on April 11, 2016 though he dated the application April 10, 2016. (*Id.*, ¶ 5)[2]

> Specifically, the Agreement states:
>
> I agree that in exchange for Paycor considering my application for employment, and in exchange for any future offer of employment that Paycor may extend to me, I shall file any lawsuit (and all claims that could be included in that lawsuit) against Paycor or any of its managers, agents or other employees, relating to my application for employment, employment, or separation of employment, within six (6) months after the date of the action or event that is the subject of my lawsuit. I hereby waive any statute of limitations to the contrary. I understand that this provision does not prevent me from filing a charge with or participating in any investigation conducted by any federal, state, or local government agency. I UNDERSTAND THAT I AM AGREEING TO FILE ANY LAWSUIT REGARDING ANY EMPLOYMENT DISPUTE AGAINST PAYCOR OR ITS MANAGERS, AGENTS AND EMPLOYEES NO LATER THAN SIX MONTHS AFTER THE ACTION OR EVENT THAT IS THE SUBJECT OF THE DISPUTE. IF ANY PORTION OF THIS SHORTENED PERIOD TO BRING CLAIMS IS FOUND BY A COURT TO BE UNENFORCEABLE, THE REMAINING PORTIONS OF THIS SHORTENED PERIOD TO BRING CLAIMS WILL REMAIN VALID AND BE ENFORCED. I UNDERSTAND THAT IF I DO NOT AGREE TO THIS PROVISION I SHOULD NOT SUBMIT THIS APPLICATION FOR EMPLOYMENT.

(Crone Decl., Ex. A; emphasis in original) Stang's employment was conditioned on his agreement to the six-month shortened statute of limitations. (*Id.*)

Based on the fact that Stang resigned his employment on November 12, 2018, the last event that could have given rise to this lawsuit would have (at the latest) occurred on December 21, 2018, when Stang received his final paycheck. (Crone Decl., ¶ 9) As a result, Stang would have had six months, until June 21, 2019, to file a lawsuit against Paycor for alleged unpaid overtime based on his Agreement. He did not file this lawsuit until November 3, 2020, which was 22 months and 13

---

[2] Stang signed the Agreement electronically. Electronic signatures are binding under Ohio law. *See* R.C. 1306.06 ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form").

3

days after he received his final paycheck. (Complaint, Doc. 1) This was more than 16 months after he agreed to bring his claims under the Agreement.

## II. ARGUMENT

### A. Stang's FLSA Claim Is Time-Barred.

There is no dispute that the parties contractually agreed to a shortened statute of limitations. Similarly, there can be no dispute that Stang did not file this lawsuit within the six-month limitations period contained in the Agreement. To be sure, Stang will cite the Court to *Boaz v. FedEx Customer Info. Servs*, 725 F.3d 603 (6th Cir. 2013) and assert that the shortened limitations period he agreed to is unenforceable with respect to his FLSA claim. Paycor certainly understands the implications of the *Boaz* decision but respectfully submits that the panel in *Boaz* incorrectly ruled that the shortened statute of limitations agreement in that case constituted a waiver of the plaintiff's substantive FLSA rights and ran contrary to the legislative history and intent of the statute.

Prior to *Boaz*, the Sixth Circuit, like others, had long adhered to the general principle that parties may contract for shorter limitations periods to bar various state and federal claims, including statutory claims. *See, e.g., Oswald v. BAE Industries, Inc.*, No. 11-1119, 2012 WL 1700704 (6th Cir. 2012) (enforcing a private agreement for a shortened limitations period in an USERRA claim); *Thurman v. DaimlerChrysler, Inc.,* 397 F.3d 352, 357-59 (6th Cir. 2004) (barring §1981 claim because of contractual limitations provision); *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) (barring age and disability discrimination claims because of contractual limitations provision); *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303-04 (11th Cir. 1998) (barring ERISA claim because of contractual limitations provision). This stance was supported by the general rule that parties

may agree to a limitations period shorter than what is otherwise set forth in a remedial statute based on the need to favor parties' freedom to contract and to encourage promptness in the bringing of actions (so that parties do not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory). *See, e.g., Missouri, Kansas & Texas Railway Co. v. Harriman*, 227 U.S. 657, 672 (1913) (emphasis added); *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003) ("Among the basic policies served by statutes of limitations is preventing plaintiffs from sleeping on their rights and prohibiting the prosecution of stale claims.")

Critically, there is no provision in the FLSA prohibiting parties from entering into agreements to modify the limitations period. Section 16(b) (29 U.S.C. § 216(b)) sets out the enforcement procedures and remedies, but does not contain any language prohibiting a shortened limitations period. Neither does 29 U.S.C. § 255(a), which provides the FLSA's general statute of limitations. It simply provides that: "Any action commenced . . to enforce . . .unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq] . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . " 29 U.S.C. § 255(a).

To be sure, Paycor does not dispute that substantive rights under the FLSA cannot be waived, but Stang's Agreement does not waive any of his substantive rights. This is because statutes of limitation are procedural devices which exist "for the protection of defendants." *Badgett v. Federal Express Corp.*, 378 F. Supp. 2d 613, 625 (M.D.N.C. 2005) (citing *Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947)). "This Circuit generally defines

5

a period of limitations as a procedural matter." *Oswald v. BAE Industries, Inc.*, 2012 U.S. App. LEXIS 10005, 13-14 (6th Cir. 2012) (holding that USERRA statute of limitations was procedural and could therefore be shortened by private agreement). The relevant portions of Stang's Agreement only modify the amount of time he had to file a lawsuit after the event giving rise to the dispute occurred. It does not restrict his substantive rights under the FLSA, such as the right to recover damages for the full recovery period, a guaranteed minimum wage, or a right to overtime compensation.

The Sixth Circuit previously upheld the modification of procedural rights under the FLSA in *Floss v. Ryan's Family Steak House, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000), where the court determined that parties could privately agree to arbitrate FLSA claims. Such an agreement modifies 29 U.S.C. § 216(b), which provides the right for employees to assert FLSA claims in "any Federal or State court of competent jurisdiction." Paycor understands that the panel in *Boaz* addressed *Floss* and determined that case was distinguishable based on competing policy implications arising from the Federal Arbitration Act but respectfully disagrees with that determination. Moreover, federal law provides the identical two-tiered limitation scheme for other remedial statutes, such as the Family Medical Leave Act and the Age Discrimination in Employment Act. This is noteworthy because courts have allowed contractual limitations periods to modify both the FMLA and ADEA. *See, e.g., Badgett*, 378 F.Supp.2d 613.

Paycor respectfully submits that *Boaz* should not be applied to this case or, in the alternative, that this issue should be elevated to the Sixth Circuit for potential *en banc* review. And, because Stang failed to file this lawsuit within the time period required by his Agreement, his FLSA claim is untimely and should be dismissed.

6

### B. Stang's Ohio Claims Are Time-Barred.

Notwithstanding the Court's decision regarding the application of Stang's Agreement to his FLSA claim, shortened statute of limitations periods are valid and enforceable under Ohio law. Indeed, the Ohio Supreme Court has determined that "contractual limitations which narrow the time for filing an action to a period less than set forth in the general statute of limitations are valid if reasonable." *Colvin v. Globe Am. Cas. Co.,* 69 Ohio St. 2d 293, 432 N.E.2d 167, 169 (Ohio 1982), *overruled on other grounds by Miller v. Progressive Cas. Ins. Co.,* 69 Ohio St. 3d 619, 1994 Ohio 160, 635 N.E.2d 317, 321 (Ohio 1994).

In his opposition to Paycor's motion to dismiss—which has been mooted by the filing of the Amended Complaint—Stang takes issue with Paycor's citation to *Colvin* for the general proposition that Ohio law permits shortened statute of limitations agreements as a matter of public policy by noting (just as Paycor referenced in its brief) that the specific holding of *Colvin* had been overruled in a subsequent case. Critically, Stang withholds two key pieces of information related to Colvin from the Court. First, Stang fails to point out that *Miller* was itself overruled by the Ohio General Assembly—the final arbiter of Ohio's public policy—which, in 2001, amended O.R.C. § 3937.18 to expressly permit insurance companies to shorten the applicable statute of limitations period by **80%** (from 15 years to 3 years). As Stang would surely put it, the Ohio legislature showed *Miller*, and his arguments in opposition to Paycor's motion, "no mercy." Second, Stang fails to tell the Court that, in overruling the specific holding in *Colvin*, the *Miller* court expressly affirmed the accuracy of Paycor's reliance on the case as evidence that Ohio public policy generally favors enforcement of shortened statute of limitations provisions. *See, Miller v. Progressive Casualty Ins. Co.,* 69 Ohio St. 3d 619, 624 (1994), *abrogated by* O.R.C. § 3937.18.

7

Indeed, Stang argues that this Court should apply recent federal court decisions regarding shortened statute of limitations provisions to claims arising purely under Ohio state law. The problem for Stang is that doing this would be wholly inconsistent with applicable decisions from Ohio in this area. In fact, six-month limitations periods have repeatedly been upheld as lawful by Ohio courts—even when Ohio statutes provide for a longer limitations period. *See, e.g., Williamson v. W. & S. Life Ins. Co.*, 2008-Ohio-5575, P43 (Ohio Ct. App.) (six months limitation period in contract barred claims); *Jacobs v. Western & Southern Life Ins. Co.*, 2008 Ohio App. Lexis 2784, at *9 (Ohio App., June 30, 2008) (granting summary judgment to the defendant employer because the plaintiff's employment claims were filed beyond the six-month period); *Hoskins v. DaimlerChrysler Corp.*, 2005 U.S. Dist. LEXIS 45418, *13-14 (S.D. Ohio 2005) (claims dismissed based upon shortened six month limitations period contained in employment application); *McKay v. Fifth Third Bank*, Case No. A0908300 (Hamilton County, Ohio Court of Common Pleas, July 7, 2010) (summary judgment granted because the plaintiff's claim was untimely filed pursuant to the terms of the Incentive Compensation Plan, which contained a six month limitations period) (opinion attached as Exhibit B).

And, despite Stang's assertions to the contrary in prior briefing, Ohio courts have enforced shortened statute of limitations periods in employment cases post-*Boaz*, which is obviously not binding on Ohio courts. *Fry v. FCA US LLC*, 2017-Ohio-7005, 143 N.E.3d 1108 (Ohio App. 6 Dist.) (upholding trial court enforcement of 180-day shortened statute of limitations agreed to in employment application, finding that no evidence was submitted of unconscionability and claims of disability discrimination, wrongful termination, failure to provide a reasonable accommodation, and IIED were subject to dismissal); *Sourial v. Nationwide Mut. Ins. Co.*, 2018-Ohio-2528, 116

N.E.3d 761 (10th Dist.) (holding breach of contract claims were barred because they were filed after the contractual limitations period).

Moreover, the legislative history and intent behind the FLSA, which led the Sixth Circuit in *Boaz* to refuse to enforce the shortened statute of limitations agreement in that case, are simply not present with respect to the Ohio overtime statute. To support its ruling, the *Boaz* panel cited the legislative history of the FLSA referenced by the U.S. Supreme Court in *O'Neil*, and the Supreme Court's concern that permitting individuals to waive their substantive FLSA rights "would 'nullify' the Act's purpose of 'achiev[ing] a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act.'" *Boaz,* 725 F.3d at 606 (additional citations omitted). There is no similar principle or precedent with respect to O.R.C. §4111.03 or §4113.15, and for good reason. The FLSA already exists to protect employees' right to overtime, and Ohio's overtime statute (§ 4111.03) does not provide for enhanced remedies. Indeed, the Ohio statute does not even permit an award of liquidated damages. *Barnett v. E-Waste Sys.*, 2015 U.S. Dist. LEXIS 50997 at *11 (S.D Ohio April 17, 2015) ("Ohio law permits the recovery of unpaid overtime wages, but does not provide for liquidated damages.") (citing O.R.C. § 4111.10(a)). Accordingly, the Ohio Supreme Court has never issued a decision barring parties from privately waiving O.R.C. 4111.03 or O.R.C. 4113.15 claims. Nor has it refused to enforce a shortened statute of limitations provision with respect to such claims.

Finally, Stang's argument in prior briefing that his shortened statute of limitations agreement should not be enforced because it is unconscionable is without merit. Stang's argument in this regard has been expressly reviewed and rejected by Ohio courts. For example, in *Fry*, a former employee who claimed that he was legally blind and unable to speak to anyone from his

9

former employer before signing his job application, argued that the 180-day limitations period contained in the application should not be enforced because it was unconscionable. The court disagreed and upheld the provision, noting that even if the plaintiff's claims were true, there was no argument that he was "illiterate or was unable to read the application for employment despite his alleged legal blindness." *Id.* at ¶ 31.

The Ohio court further rejected Stang's argument in this case that his agreement should not be enforced because it was offered on a take-it-or-leave-it basis: "Moreover, appellant has failed to demonstrate that the terms of the application for employment are unreasonably favorable to Chrysler or that he had no meaningful choice when entering into the contract. **Indeed, appellant was free to find another employer if he was unsatisfied with Chrysler's terms of employment**, which we find were reasonable in light of Chrysler's offer to review appellant's application and its subsequent decision to hire appellant." *Id.* at ¶ 32 (emphasis added).[3]

As with the plaintiff in *Fry,* it is undisputed that Stang failed to timely assert his claims in accordance with the six-month limitations period he agreed to as a condition of his employment, which is valid and enforceable. Accordingly, based on the express terms of the Agreement, Stang's Ohio claims are untimely and must be dismissed as a matter of law and contract.

### C. Stang's Class Action Allegations Should Be Stricken.

Stang's proposed class action is based solely on his Ohio statutory claims. (Complaint, Doc. 1, ¶ 37) Because these claims are subject to dismissal, as outlined above, Stang's proposed class action should also be dismissed.

---

[3] The *Fry* decision should not be surprising, as Ohio courts have routinely confirmed an employer's right to require employees and applicants to enter into various agreements (for example, shortened statutes of limitations agreements, arbitration agreements, jury trial waivers, non-competition agreements) as a condition of employment.

### III. CONCLUSION

For the foregoing reasons, Paycor respectfully requests that the Court dismiss Plaintiff's claims as untimely or, in the alternative, dismiss his Ohio law claims and strike his class action allegations.

Respectfully submitted,

/s/ *Katharine C. Weber*
Katharine C. Weber
Ryan M. Martin
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone:  (513) 898-0050
Facsimile:   (513) 898-0051
katharine.weber@jacksonlewis.com
ryan.martin@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of February, 2021, a true and accurate copy of the foregoing was served via the Court's CM\ECF electronic filing system, which will send notice of the filing to all counsel of record.

                                                    /s/ *Katharine C. Weber*
                                                    Katharine C. Weber

4832-5800-0091, v. 1