UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Adam Quincy Stang,

       Plaintiff,                           Case No. 1:20-cv-00882

      v.                                     Judge Michael R. Barrett

Paycor, Inc.,

       Defendant.

**OPINION & ORDER**

This matter is before the Court on Motion to Dismiss Amended Complaint or, in the Alternative, Motion for Summary Judgment Based on Shortened Statute of Limitations filed by Defendant Paycor, Inc. (Doc. 12). Plaintiff Adam Stang filed a Response in Opposition (Doc. 15) and Defendant filed a Reply (Doc. 17).

**I.**     **BACKGROUND**

On November 3, 2020, Plaintiff filed a Class and Collective Action Complaint asserting claims for alleged violations of the Fair Labor Standards Act ("FLSA") and Ohio's wage laws. (Doc. 1). Plaintiff subsequently filed a timely First Amended Class and Collective Action Complaint asserting claims for violations of the FLSA and Ohio's wage laws. (Doc. 9); *see* FED. R. CIV. P. 15(a)(1)(B). The Amended Complaint alleges that Defendant employed Plaintiff as a Sales Representative from May 23, 2016 to November 12, 2018. (Doc. 9 ¶¶ 1, 20). The Amended Complaint also alleges that Defendant improperly misclassified Plaintiff, and other Sales Representatives, as exempt under federal and state overtime laws and consequently failed to pay Plaintiff overtime in violation of those laws. (Doc. 9).

Plaintiff's employment application with Defendant includes a section titled "Agreement" ("Agreement section") that states:

> I agree that in exchange for Paycor considering my application for employment, and in exchange for any future offer of employment that Paycor may extend to me, I shall file any lawsuit (and all claims that could be included in that lawsuit) against Paycor or any of its managers, agents or other employees, relating to my application for employment, employment, or separation of employment, within six (6) months after the date of the action or event that is the subject of my lawsuit. I hereby waive any statute of limitations to the contrary. I understand that this provision does not prevent me from filing a charge with or participating in any investigation conducted by any federal, state, or local government agency. I UNDERSTAND THAT I AM AGREEING TO FILE ANY LAWSUIT REGARDING ANY EMPLOYMENT DISPUTE AGAINST PAYCOR OR ITS MANAGERS, AGENTS AND EMPLOYEES NO LATER THAN SIX MONTHS AFTER THE ACTION OR EVENT THAT IS THE SUBJECT OF THE DISPUTE. IF ANY PORTION OF THIS SHORTENED PERIOD TO BRING CLAIMS IS FOUND BY A COURT TO BE UNENFORCEABLE, THE REMAINING PORTIONS OF THIS SHORTENED PERIOD TO BRING CLAIMS WILL REMAIN VALID AND BE ENFORCED. I UNDERSTAND THAT IF I DO NOT AGREE TO THIS PROVISION I SHOULD NOT SUBMIT THIS APPLICATION FOR EMPLOYMENT. *(Note: This paragraph does not apply to California applicants.)*

(Doc. 12) (citing (Doc. 4-1 Karen Crone Decl. Ex. A) (Plaintiff's employment application) (emphasis in original)). Plaintiff's employment application includes his electronic signature. (*Id.*); *see* (Doc. 15-1) (Plaintiff's Decl.).

In its Motion to Dismiss Amended Complaint or, in the Alternative, Motion for Summary Judgment Based on Shortened Statute of Limitations, Defendant argues that all of Plaintiff's claims should be dismissed with prejudice as untimely under the six-month limitations period in the Agreement section. (Doc. 12). Alternatively, Defendant argues that, at a minimum, Plaintiff's Ohio wage law claims should be dismissed with prejudice as untimely under the Agreement section, and the Court should strike the class allegations related to the state law claims from the Amended Complaint. (*Id.*).

2

## II. ANALYSIS

The Court will review Defendant's arguments regarding the statute of limitations for Plaintiff's FLSA and Ohio wage law claims under the standard for a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, as the parties ask the Court to consider exhibits outside of the pleadings. (*Id.*) (citing (Doc. 4-1 Ex. A)); (Doc. 15) (citing (Doc. 15-1)); *see* FED. R. CIV. P. 12(d) (providing that if, in a 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Defendant first argues that Plaintiff's FLSA claim is time-barred because, as a condition of Plaintiff's employment with Defendant, found in the Agreement section, Plaintiff agreed that he would file any employment-related lawsuit against Defendant within six months of the event that gave rise to his claim or claims, and Plaintiff waived any statute of limitations to the contrary. (Doc. 12 PageID 88-93). Defendant explains that, pursuant to the Agreement section, Plaintiff was required to file any FLSA overtime claim on or before June 21, 2019, and Plaintiff filed his initial Complaint on November 3, 2020. (*Id.*). Defendant concedes that the U.S. Court of Appeals for the Sixth Circuit's ("Sixth Circuit") decision in *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603 (6th Cir. 2013), precludes this argument with respect to Plaintiff's FLSA claim. (Doc. 12 at PageID 91) ("Paycor certainly understands the implications of the *Boaz* decision but respectfully submits that the panel in *Boaz* incorrectly ruled that the shortened statute of

limitations agreement in that case constituted a waiver of the plaintiff's substantive FLSA rights and ran contrary to the legislative history and intent of the statute.").

In *Boaz*, the Sixth Circuit held that the plaintiff's employment agreement's six-month limitations period to file any lawsuit against the defendant was an impermissible waiver of the plaintiff's rights under the FLSA, specifically the FLSA's statute of limitations,[1] and the agreement's six-month limitations period was thus invalid and unenforceable. 725 F.3d at 606-07; *see Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 388 (6th Cir. 2016) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981))); *Jefferis v. Hallrich Inc.*, No. 1:18-CV-687, 2019 WL 3462590, at *5 (S.D. Ohio July 31, 2019), *report and recommendation adopted*, No. 1:18-CV-687, 2019 WL 3975774 (S.D. Ohio Aug. 22, 2019) ("where an employment agreement requires that claims be brought within six months, as opposed to the FLSA's two-year or three-year limitations period, the agreement operates as an impermissible waiver of the employee's FLSA rights and is invalid") (citing *Boaz*, 725 F.3d at 606). Binding precedent precludes Defendant's argument with respect to Plaintiff's FLSA claim. *See Boaz*, 725 F.3d at 606-07. The Court declines Defendant's invitation to disregard that precedent. (Doc. 12 PageID 88).

Defendant next argues that, even if the FLSA claim is not time-barred, Plaintiff's Ohio law claims are time-barred under the Agreement section's six-month limitations period. (*Id.* PageID 94-97). In Ohio, parties may contractually agree to a shorter

---

[1] The FLSA's statute of limitations is two years for non-willful violations and three years for willful violations. 29 U.S.C. § 255(a).

4

limitations period so long as the shorter contractual limitations period is unambiguous, is for a reasonable period, and does not violate public policy. *Fayak v. Univ. Hosps.*, 2020-Ohio-5512, ¶ 18, *appeal not allowed sub nom. Fayak v. Univ. Hosps.*, 2021-Ohio-1277, ¶ 18, 162 Ohio St. 3d 1432, 166 N.E.3d 1247 (citing *Kraly v. Vannewkirk*, 69 Ohio St. 3d 627, 632, 635 N.E.2d 323, 327 (1994)); *Conte v. Blossom Homes, L.L.C.*, 2016-Ohio-7480, ¶ 38, 63 N.E.3d 1245, 1254.

Plaintiff brings his Ohio law claims for alleged unpaid overtime wages under Ohio's Minimum Fair Wage Standards Act ("OMFWSA") and the Ohio Prompt Pay Act. (Doc. 9 ¶¶ 74-82); *see* Ohio Rev. Code §§ 4111.03, 4113.15. The OMFWSA is a general law involving Ohio's concern for its citizens that requires major employers in Ohio, public and private, to pay overtime pay for certain types of employees. *Hurt v. Com. Energy, Inc.*, 973 F.3d 509 (6th Cir. 2020), *cert. denied sub nom. Just Energy Mktg. Corp. v. Hurt*, 141 S. Ct. 2720, 210 L. Ed. 2d 883 (2021) (citing *Wray v. City of Urbana*, 2 Ohio App. 3d 172, 172, 440 N.E.2d 1382, 1383 (1982)). The OMFWSA is remedial in nature with the underlying policy of allowing employees to vindicate their rights and receive a fair wage. *White v. Murtis M. Taylor Multi-Serv. Ctr.*, 2010-Ohio-2602, ¶ 12, 188 Ohio App. 3d 409, 414, 935 N.E.2d 873, 876; *Graham v. Harbour*, 20 Ohio App. 3d 293, 297, 486 N.E.2d 184, 189 (1984). Pertinent here, the OMFWSA provides that

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended.

Ohio Rev. Code § 4111.03(A). The OMFWSA parallels the FLSA, and courts approach issues regarding unpaid overtime raised under the FLSA and OMFWSA in a unitary

5

fashion. *Myers v. Mem'l Health Sys. Marietta Mem'l Hosp.*, No. 2:15-CV-2956, 2019 WL 1384396, at *6 (S.D. Ohio Mar. 27, 2019) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997)). "Ohio defers to federal regulations and case law for the determination of eligibility for overtime compensation," and, as noted *supra*, under federal case law, "employees cannot waive their FLSA claims for unpaid wages." *Boaz*, 725 F.3d at 607 (first citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); and then citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)); *Briscoe v. Columbus Metro. Area Cmty. Action Org.*, No. 81AP-887, 1982 WL 4028, at *3 (Ohio Ct. App. Mar. 9, 1982); *see* Ohio Rev. Code § 4111.03(A) (incorporating FLSA standards). The statute of limitations for the OMFWSA is two years. Ohio Rev. Code § 2305.11(A).

The Ohio Prompt Pay Act, among other requirements, requires employers in Ohio to pay their employees the preceding month's wages by the first day and fifteenth day of the month. *Id.* § 4113.15(A). Claims for overtime payments brought under the Ohio Prompt Pay Act rise and fall with claims for overtime payments brought under the FLSA and the OMFWSA. *See Craig*, 823 F.3d at 385 n.1. Courts interpret overtime claims brought under the Ohio Prompt Pay Act in tandem with the FLSA and in a unitary fashion. *Myers*, 2019 WL 1384396, at *6 (citing *Douglas*, 113 F.3d at 69 n.2). The statute of limitations for the Ohio Prompt Pay Act is two years. Ohio Rev. Code § 2305.11(A).

Despite the rule permitting contractually shortened limitations periods, and although a six-month limitations period is unambiguous, an employee cannot waive his right to the two-year statute of limitations for the OMFWSA and the Ohio Prompt Pay Act. A six-month contractual limitations period for claims brought under the OMFWSA and Ohio Prompt Pay Act is unreasonable and amounts to a violation of the public policy

6

embodied in those statutes in light of (1) the OMFWSA's remedial nature and incorporation of the FLSA's standards; (2) Ohio's deference to federal regulations and case law for the determination of eligibility for overtime compensation; and (3) the fact that courts approach issues regarding claims for overtime raised under the FLSA, the OMFWSA, and Ohio Prompt Pay Act in a unitary fashion.

Additionally, the Court is not persuaded by Defendant's argument that if a six-month contractual limitations period is permissible for claims brought under the Ohio Civil Rights Act then a six-month contractual limitations period must also be permissible for claims brought under the OMFWSA and Ohio Prompt Pay Act. (Doc. 17 PageID 199-201) (first citing *Fry v. FCA US LLC*, 2017-Ohio-7005, 143 N.E.3d 1108; and then citing *Thompson v. Fresh Prod., LLC*, 985 F.3d 509, 514 (6th Cir. 2021)). "[A]n employer that pays an employee less than minimum wage arguably gains a competitive advantage by doing so," *Boaz*, 725 F.3d at 606 (citing *Citicorp Indus. Credit, Inc. v. Brock*, 483 U.S. 27, 36 (1987)), whereas an employer who discriminates in employment against persons because of their "race, color, religion, sex, military status, national origin, disability, age, or ancestry" does not gain a competitive advantage by doing so, Ohio Rev. Code § 4112.02 ("Unlawful discriminatory practices"); *cf. Boaz*, 725 F.3d at 606. Accordingly, the rationale for prohibiting waiver of claims under the OMFWSA and Ohio Prompt Pay Act is not present for Ohio Civil Rights Act claims. *Cf. Boaz*, 725 F.3d at 606.

In sum, summary judgment is not appropriate.[2] *See* Fed. R. Civ. P. 56(c).

---

[2] The Court declines to consider Defendant's argument, raised for the first time in its Reply, that this matter should be stayed so that the Court may certify this question to the Supreme Court of Ohio. (Doc. 17 PageID 201 n.1); *see Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

III.    **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, Motion for Summary Judgment Based on Shortened Statute of Limitations (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court