**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Adam Quincy Stang,

        Plaintiff,

        v.

Paycor, Inc.,

        Defendant.

Case No. 1:20-cv-00882

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the parties' dispute regarding the temporal scope of the Court-approved Notice.

By way of background, on February 7, 2022, the Court granted Plaintiff's Motion for Court-Authorized Collective Notice and, for purposes of the record, ordered Plaintiff to file a copy of the modified Court-Authorized Notice by February 22,[1] 2022. On February 17, 2022, the parties informed the Court that they had a dispute regarding the Court-Authorized Notice that was to be filed. The Court instructed the parties to submit position papers via email. Those papers are attached to this Order for the record.

Defendant failed to object to the temporal scope of the proposed Notice during the relevant briefing period. *Compare* (Doc. 14) (Plaintiff's Motion for Court-Authorized Collective Notice), *and* (Doc. 14-8) (Plaintiff's proposed Notice), *with* (Doc. 18) (Defendant's Response in Opposition), *and* (Doc. 21-1) (Defendant's Sur-Reply). The Court will nevertheless consider the arguments currently before it. The parties agree that

---

[1] The modified Notice was due on February 21, 2022, but that date was a legal holiday such that the Notice was due on February 22, 2022. *Cf.* Fed. R. Civ. P. 6(a)(1)(C).

the Notice should include a three year period, with Plaintiff asserting that the period should be three years from the date that he filed his Complaint, and Defendant asserting that the period should be three years from the date of the Court's February 7, 2022 order.

Courts in this Circuit have mixed results in determining the proper temporal scope of Court-Authorized Notice and when the statute of limitations *begins to run* for opt-in plaintiffs in Fair Labor Standards Act cases. *Adams v. Wenco Ashland, Inc.*, No. 1:19CV1544, 2020 WL 2615514, at *7 (N.D. Ohio May 22, 2020) (collecting cases). *But see id.* (explaining that, by statute, the statute of limitations *continues to run* until FLSA opt-in plaintiffs file a written consent to join the action) (citing 29 U.S.C. § 256(b)). Based on the specific facts of this case—including the parties' disagreement as to the temporal scope of the Notice and the Court's delay in ruling on the conditional certification motion— the Court holds that temporal scope of the Notice shall run from three years preceding the date that the named Plaintiff filed his Complaint, *i.e.*, November 3, 2017, to the present. Though, in so holding, "the Court is not determining whether such potential plaintiffs who may receive Notice of the suit have successfully opted in within the applicable statute of limitations period." *Id.* at *8.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff shall file a copy of the Court-Authorized Collective Notice, that is consistent with the Court's holding herein and the Court's February 7, 2022 order, within seven (7) days of entry of this Order.

**IT IS SO ORDERED.**

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

2